J-S66013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KEVIN BERLIN AND COREY FRY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| RANDY J. SPENCER | |
| Appellant | No. 159 WDA 2015 |

Appeal from the Order January 7, 2015
In the Court of Common Pleas of Venango County
Civil Division at No(s): 354-2014

BEFORE:  OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:  **FILED DECEMBER 14, 2015**

Appellant, Randy J. Spencer, appeals from the order entered on January 7, 2015.  We affirm.

The trial court accurately summarized the factual background and procedural history of this case as follows.

> Plaintiff Kevin Berlin ("Berlin") owns property situated at 116 Garden Lane, Franklin, P[A] 16323 ("subject property").  Plaintiff Corey Fry ("Fry") and his significant other, Leah Morrison, along with two children . . . reside on the subject property.  [Appellant] claims ownership over a right-of-way that is attached to the subject property and which is the only means of ingress and egress onto the subject property.  In the past, [Appellant] has blocked access to the subject property. . . . In the instant case, evidence adduced at the hearings held on April 28, 2014 and January 8, 2015, suggests that on March 20, 2014, [Appellant] once again availed himself of self-help which resulted in preventing [Berlin and Fry] from using the right-of-way to access the subject property. . . . Berlin was unable to drive to access his workshop, while [Fry and his family] could only get to

*Retired Senior Judge assigned to the Superior Court.

and from their residence by parking their vehicle some 300 feet away, near Rt. 322, and walking up a dirt hill to their home.

* * *

On March 31, 2014, [Berlin and Fry] filed a [c]omplaint seeking to [enjoin Appellant from] blocking access to the property owned by [] Berlin, and on which [] Fry resides. That same day, [Berlin and Fry] also filed their [p]etition for [a p]reliminary [m]andatory [i]njunction. [A hearing was held on April 28, 2014 to address, *inter alia*, Appellant's filing of a suggestion of bankruptcy.] The next day, on April 29, 2014, [the trial court] issued an order denying [Berlin and Fry's] petition for an injunction due to the pendency of [Appellant's] bankruptcy filing. The proceedings were continued pending the lifting of the stay by the bankruptcy court or a conclusion of the bankruptcy proceedings.

On August 14, 2014, the United States Bankruptcy Court for the Western District of Pennsylvania ordered that [Appellant] immediately remove any impediments or obstructions that he had placed on Garden Lane, refrain from placing any other such impediment or obstructions, and permit [] Fry and his family to freely cross over Garden Lane as a means of ingress and egress to their residence. On September 15, 2014, the United States Bankruptcy Court for the Western District of Pennsylvania entered an order stating that the [trial court] was free to resume proceedings in this case. On September 25, 2014, counsel for [Berlin and Fry] filed a [m]otion for [h]earing on [t]emporary [i]njunction. A hearing was then [held on January 7, 2015.] On that date, [the trial court] received testimony from three witnesses, and [the trial court] granted the [m]otion for [p]reliminary [i]njunction.

Trial Court Opinion, 7/9/15, at 1-3 (footnotes omitted).

Appellant presents one issue for our review:

Whether the trial court abused its discretion in granting a preliminary injunction in this case where [Berlin and Fry] did not present any evidence of a legal right to use [Appellant's] private road to access [the subject property]?

Appellant's Brief at 4.

- 2 -

This Court has stated:

Our review of a trial court's order granting or denying preliminary injunctive relief is highly deferential. This highly deferential standard of review states that in reviewing the grant or denial of a preliminary injunction, an appellate court is directed to examine the record to determine if there were any apparently reasonable grounds for the action of the court below.

An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused. We do not inquire into the merits of the controversy. Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will we interfere with the decision of the trial court.

A trial court has apparently reasonable grounds for granting the extraordinary remedy of preliminary injunctive relief if it properly finds that all of the essential prerequisites are satisfied.

There are six essential prerequisites that a party must establish prior to obtaining preliminary injunctive relief. The party must show: 1) that the injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages; 2) that greater injury would result from refusing an injunction than from granting it, and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceedings; 3) that a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct; 4) that the activity it seeks to restrain is actionable, that its right to relief is clear, and that the wrong is manifest, or, in other words, must show that it is likely to prevail on the merits; 5) that the injunction it seeks is reasonably suited to abate the offending activity; and, 6) that a preliminary injunction will not adversely affect the public interest. The burden is on the party who requested preliminary injunctive relief.

*WMI Grp., Inc. v. Fox*, 109 A.3d 740, 747-748 (Pa. Super. 2015) (internal

quotations marks and citation omitted; emphasis removed).

- 3 -

In this appeal, Appellant argues that Berlin and Fry failed to satisfy the fourth element necessary for a preliminary injunction. In other words, Appellant argues that there was insufficient evidence for the trial court's determination that Berlin and Fry were likely to succeed on the merits. Specifically, Appellant argues that there was insufficient evidence for the trial court to find that there was an easement by prescription.

The trial court, however, found not only that there was a likelihood that Berlin and Fry could establish an easement by prescription but also a likelihood that the plaintiffs could demonstrate an easement by necessity. *See* Trial Court Opinion, 7/9/15, at 8. Appellant makes no argument in his brief as to how this finding by the trial court is unsupported by the record. *See* Appellant's Brief at 10-14. Accordingly, Appellant has waived any argument that the trial court erred in finding that Berlin and Fry could establish an easement by necessity. *See* Pa.R.A.P. 2119(a). As the trial court's finding of an easement by necessity is sufficient to satisfy the fourth requirement for a preliminary injunction, we ascertain no abuse of discretion by the trial court in granting the preliminary injunction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/14/2015</u>